**DISMISS and Opinion Filed March 7, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00896-CV

### IN THE MATTER OF J.L.R., A MINOR

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-35928-W**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

J.L.R. is appealing the denial of habeas relief in the trial court. The appellant was a juvenile when he pleaded true to the offense of capital murder and was sentenced to 40 years in the Texas Youth Commission pursuant to the terms of the plea agreement. Appellant, however, has been declared a vexatious litigant and is prohibited from filing pro se any new litigation in a court of this State without first obtaining permission from the local administrative judge.[1] *See* TEX. CIV. PRAC. & REM. CODE ann. §§ 11.102(a).

---

[1] Appellant filed post-conviction applications for writs of habeas corpus in 2003, 2011, 2014, 2019, and most recently in 2022. Appellant's 2022 application is the subject of this appeal.

Appellant filed his writ of habeas corpus in the trial court and subsequently filed his appeal in this Court without first obtaining the required permission.[2] By letter dated January 2, 2024, we ordered appellant to file a copy of an order from the local administrative judge giving him permission to file this appeal by February 2, 2024, or a letter brief explaining why a prefiling order permitting the appeal is not required. We cautioned appellant that failure to provide the written verification of permission to file or a letter brief explaining why a prefiling order permitting the appeal was not required might result in dismissal of this appeal for want of jurisdiction without further notice. On January 23, 2024, we granted appellant's motion requesting an additional thirty days to file his response to this Court's January 2, 2024 order. Accordingly, we ordered appellant to file his response on or before February 21, 2024.

To date, appellant has not provided this Court with a written order from the local administrative judge giving relator permission to file this original proceeding. Nor has appellant filed a letter brief with this Court explaining why a prefiling order permitting the appeal was not required. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ann. § 11.1035(b) (the court "shall

---

[2]In its Findings of Facts, the trial stated appellant was a vexatious litigant who had failed to obtain permission from the local administrative judge to file his writ of habeas corpus in the trial court. Thus, the trial court was prohibited from addressing the merits of appellant's claim. *See* TEX. CIV. PRAC. & REM. CODE ann. § 11.103. Moreover, the trial court had a duty to dismiss this litigation once it learned appellant was a vexatious litigant who had failed to obtain a prefiling order from a local administrative permitting the filing of his writ of habeas corpus. *Id*. § 11.1035(b).

dismiss the litigation unless the [vexatious litigant subject to a prefiling order] . . . obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing of the litigation"); *see also In re Crenshaw*, No. 05-19-00633-CV, 2019 WL 2710755, at *1 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus when vexatious-litigant relator made no showing that he had obtained order from local administrative judge permitting filing thereof); TEX. R. APP. P. 42.3(a), 43.2(f).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220896F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF J.L.R., A
MINOR

No. 05-22-00896-CV

On Appeal from the 304th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JD-35928-W.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Goldstein participating.

In accordance with this Court's opinion of this date, this appeal is
**DISMISSED**.

Judgment entered March 7, 2024